[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12861
Non-Argument Calendar

_____

D. C. Docket No. 06-00506-CV-HS-NE

TONEY E. PITTS,

Plaintiff-Appellant,

versus

THE HOUSING AUTHORITY FOR
THE CITY OF HUNTSVILLE, AL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 18, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Toney Pitts appeals from the district court's grant of summary judgment in

favor of his former employer, the Housing Authority of Huntsville, Alabama, in his

employment discrimination suit under 42 U.S.C. § 2000e-2(a),[1] in which he claimed illegal termination based upon his race (African-American). On appeal, Pitts argues that the district court erred by entering summary judgment after finding that because Pitts had not identified a similarly situated employee who had been treated more favorably, he had not established a prima facie case of discrimination. In the alternative, the district court held that even assuming Pitts established a prima facie case, the Housing Authority's proffered reason for his termination -- poor job performance -- was legitimate and non-discriminatory and Pitts did not satisfy his burden to show that the proffered reason was a pretext for race discrimination.[2] After careful review, we affirm.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000). Rule 56(c) states that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

---

[1] Although Pitts's original complaint alleged violations of 42 U.S.C. § § 1981 and 1983, and the district court granted summary judgment to the Authority under those provisions as well, in his appellate brief, Pitts does not "clearly outline" this as an issue. Accordingly, these issues are deemed abandoned. Allison v. McGhan Medical Corp., 184 F.3d 1300, 1317 n. 17 11th Cir. 1999).

[2] Because we agree with the district court's conclusion that Pitts failed to establish that the proffered reason was a pretext for discrimination, we need not, and do not, reach his challenge to the district court's alternative holding -- that he did not establish a prima facie case.

2

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). To warrant the entry of summary judgment, the moving party must demonstrate that "there is no genuine issue as to any material fact." HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Because Pitts relies on circumstantial evidence to establish his disparate treatment claim, we test the sufficiency of that claim by applying the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc).

Under the McDonnell Douglas framework, a plaintiff first must show an inference of discriminatory intent, and thus carries the initial burden of establishing

3

a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. The plaintiff's successful assertion of a prima facie case "creates a rebuttable presumption that the employer unlawfully discriminated against her." EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002) (citing U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714 (1983)). Second, if the plaintiff successfully demonstrates a prima facie case, the burden then shifts to the employer to produce evidence that its action was taken for a legitimate, non-discriminatory reason. See Joe's Stone Crabs, 296 F.3d at 1272. We proceed to the third step of the analysis once the employer meets its burden of production by proffering a legitimate, non-discriminatory reason, thereby rebutting the presumption of discrimination, and "[our] inquiry 'proceeds to a new level of specificity,' in which the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." Id. at 1272-73 (citing Burdine, 450 U.S. at 255-56). "Although the intermediate burdens of production shift back and forth, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." Id. at 1273.

At the second step of the McDonnell Douglas analysis, the Housing Authority's proffered reason for Pitts's termination was poor job performance, as

evidenced by significantly reduced scores, reported during Pitts's management of the Housing Authority's Section Eight Housing Department, on the U.S. Department of Housing and Urban Development's Section Eight Management Assessment Program ("SEMAP").[3] The district court found that Pitts did not satisfy his burden, at the third step of the McDonnell Douglas analysis, to establish that the proffered reason for his termination -- poor job performance -- was a pretext for race discrimination.

To establish pretext, Pitts must demonstrate that the proffered reason was not the true reason for the employment decision "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005)). Courts are not concerned with whether an employment decision is prudent or fair, but only with whether it was motivated by unlawful animus. Damon v. Fleming Supermarkets of Fla., 196 F.3d 1354, 1361 (11th Cir. 1999). We have held that "[t]he employer may fire an employee for a good reason, a bad

---

[3] It is undisputed that during the year before Pitts's termination, the Housing Authority's SEMAP score declined over 30 percentage points, taking the Housing Authority from a "high performer" classification in 2003 (based on a score of 96%) to a "standard" classification in 2004 (based on a score of 64%, which was within five points of a "troubled" classification).

reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." Nix v. WLCY Radio/Rahall Commc'ns, 738 F.2d 1181, 1187 (11th Cir. 1984). In other words, "[i]f the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it[;] . . . [q]uarreling with that reason is not sufficient." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1088 (11th Cir. 2004) (internal citation omitted) (emphasis added).

"[T]o avoid summary judgment [the plaintiff] must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993) (citation omitted) (emphasis added). A reason is not pretext for discrimination "unless it is shown both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993).

In the district court, Pitts did not present any evidence, let alone "significantly probative evidence," to rebut the Housing Authority's proffered reason that it fired him for poor performance. Clark, 990 F.2d at 1228. To the contrary, Pitts admitted that his department was given a score of only 64 on the SEMAP review, that a designation of 64 is 5 points away from being designated as

6

"troubled" by HUD, and that such a designation could result in loss of funding and result in imposition of sanctions by HUD. Although Pitts argues that his supervisor's testimony lacked credibility and that the Housing Authority's reasons for terminating him were questionable, he has not shown that the proffered reason would not have motivated a reasonable employer to make the same decision to terminate him. In short, none of the various reasons identified by Pitts as establishing pretext dispute, "head on," the Housing Authority's reason for terminating him. See id. To the extent Pitts's evidence suggested that the proffered reason was based on incorrect information, such an error does not establish a genuine issue of material fact that the proffered reason was pretext for racial discrimination. See Nix, 738 F.2d at 1187.

After a de novo review of the record, we discern no error in the district court's conclusion that even assuming Pitts established a prima facie case of race discrimination, the Housing Authority was entitled to summary judgment based on Pitts's failure to establish, at the third stage of the McDonnell Douglas test, pretext.

**AFFIRMED.**